MARY ANN WEHLAGE, Appellant, v WILLIAM QUINLAN, Individually and as Mayor of City of Olean, et al., Respondents. [864 NYS2d 630]—

Appeal from a judgment of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered March 13, 2007. The judgment granted the motions of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages for the elimination of her position as animal control officer for defendant City of Olean (City) and the termination of her employment, allegedly in violation of her civil rights pursuant to 42 USC § 1983 and in violation of Labor Law § 201-d. According to plaintiff, her position was eliminated and she was terminated based on her political affiliation. Supreme Court properly granted defendants' motions for summary judgment dismissing the complaint. With respect to the 42 USC § 1983 cause of action, defendants met their initial burden by establishing that plaintiff did not engage in constitutionally protected conduct that was a motivating factor in their adverse employment determination (*see Gronowski v Spencer,* 424 F3d 285, 292 [2005]; *Morris v Lindau,* 196 F3d 102, 110 [1999]; *see*

*generally Mt. Healthy City Bd. of Ed. v Doyle,* 429 US 274, 287 [1977]), and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Plaintiff acknowledged that she does not have a party affiliation and did not campaign for or assist any political candidate, and her contention that her position was eliminated because of a perceived affiliation between plaintiff and the outgoing Mayor of the City is based only on inadmissible hearsay. Plaintiff submitted no admissible evidence that "[d]efendants were consciously aware of [plaintiff's] political affiliation[ ], or relied thereon" (*Largo v Vacco,* 977 F Supp 268, 272 [1997]).

With respect to the Labor Law § 201-d cause of action, that section of the Labor Law provides in relevant part that an employer is prohibited from discharging an employee because of the employee's "political activities outside of working hours, off of the employer's premises and without use of the employer's equipment or other property" (§ 201-d [2] [a]). Section 201-d (1) (a) defines the term political activities as "(i) running for public office, (ii) campaigning for a candidate for public office, or (iii) participating in fund-raising activities for the benefit of a candidate, political party or political advocacy group," and it is undisputed that plaintiff did not engage in any such political activities. Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.